UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Samuel Jason Garrett | ) | Civil Action No. 0:19-cv-02898-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew M. Saul, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Paige J. Gossett.[1]  Plaintiff, Samuel Jason Garrett, brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB").  The Magistrate Judge recommends affirming the Commissioner's decision denying Plaintiff's claim for benefits.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff protectively filed for applied for DIB on October 22, 2015, alleging disability with an onset date of April 24, 2015.  Plaintiff's claims were denied initially and on reconsideration.  Plaintiff then requested a hearing before an administrative law judge ("ALJ").  A hearing was held before the ALJ on May 8, 2018.  Plaintiff, represented by an attorney, appeared and testified.  A vocational expert also testified.  The ALJ issued a decision on August 23, 2018, finding Plaintiff was not disabled.  [ALJ Decision, ECF # 10-2, at 11-23]. The ALJ's findings are as follows:

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) for the District of South Carolina.

1. Claimant meets the insured status requirements of the Social Security Act through September 30, 2019.

2. Claimant has not engaged in substantial gainful activity since April 24, 2015, the alleged onset date (20 CFR 404.1571 *et. seq*.).

3. Claimant has the following severe impairments: degenerative disc disease of the lumbar and cervical spine, and degenerative joint disease of the knees (20 CFR 404.1520(c)).

4. Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with some non-exertional limitations. Specifically, claimant can lift and carry up to 50 pounds occasionally and 25 pounds frequently. He can frequently sit, stand, and walk. He can frequently climb, stoop, kneel, crouch, and crawl. He can frequently reach overhead with his bilateral upper extremities.

6. Claimant is capable of performing past relevant work as a janitor, truck driver, and environmental technician. This work does not require the performance of work-related activities precluded by claimant's residual functional capacity (20 CFR 404.1565).

7. Claimant has not been under a disability, as defined in the Social Security Act, from April 24, 2015, through the date of this decision (20 CFR 404.1520(f)).

[ALJ Decision, ECF #10-2, at 13-22].

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on August 15, 2019. [ECF # 10-2, at 2-7]. Plaintiff filed this action on October 14, 2019, seeking judicial review of the Commissioner's decision. [Compl., ECF. # 1]. Both Plaintiff and the Commissioner filed briefs. [ECF ## 18, 20, and 24]. The Magistrate Judge issued her R&R on November 16, 2020, recommending that the Commisioner's decision be affirmed. [R&R, ECF # 29]. On November 30, 2020, Plaintiff filed timely objections to the R&R. [Plaintiff's Objections, ECF # 30]. The Commissioner filed a reply to Plaintiff's objections on December 10, 2020. [Defendant's Reply to Plaintiff's Objections, ECF # 31].

**STANDARD OF REVIEW**

**I. Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were

3

reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it).  This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "To pass muster, ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4 Cir. 2016)).  The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**II. The Court's Review of the Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R&R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R&R, the

Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

### APPLICABLE LAW

Under the Social Security Act ("the Act"), Plaintiff's eligibility for the sought-after benefits hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id*. § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a). These factors include the claimant's (1) residual functional capacity (RFC), (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. 20 C.F.R. §§

404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566. If an assessment of the claimant's RFC leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. 20 C.F.R. §§ 404.1560(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors.

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing past relevant work;[3] and (5) whether the impairment prevents him from doing substantial gainful activity. See 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S.137, 146 (1987)

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

6

or not disabled at a step, Commissioner makes a determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. *See* 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5). Once an individual has made a prima facie showing of disability by establishing the inability to return to past relevant work, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the economy. To satisfy that burden, the Commissioner may obtain testimony from a vocational expert demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to past relevant work. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

**ANALYSIS**

Plaintiff raises two issues in this Social Security Appeal. First, Plaintiff argues the ALJ erred in failing to find that his history of bilateral rotator cuff repair surgeries, left biceps tendon rupture, and menisci tears of the left knee constitute severe impairments. Second, Plaintiff argues the ALJ erred in her findings regarding his RFC.

In her R&R, the Magistrate Judge found Plaintiff failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law. [R&R, ECF # 29,

at 11]. This Court respectfully disagrees.

"An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)). In *Brown v. Commissioner Social Security Administration*, the Fourth Circuit criticized the ALJ for relying on "cherry-picked evidence," which was "skewed" to contradict a claimant's treating physicians' opinions. 873 F.3d 251, 267 (4th Cir. 2017).

In this case, the ALJ's calculation of Plaintiff's RFC is not supported by substantial evidence because the ALJ did not provide an adequate reason for her decision to give little weight to consultative examiner Dr. Kerri Kolehma's opinions. Initially, this Court finds the ALJ misconstrued Dr. Kolehma's findings of active range of motion and 5/5 motor strength in Plaintiff's extremities as indicative of Plaintiff's lifting abilities when the ALJ concluded Dr. Kolehma's opinions were inconsistent with her own findings. Furthermore, although Dr. Kolehma was not Plaintiff's treating physician, she was the only examining physician who provided a medical opinion of Plaintiff's lifting and overhead abilities. After examining Plaintiff, Dr. Kolehma noted an "obvious defect" in Plaintiff's left biceps that caused pain and avulsion and some pain with resistance at end range adduction in Plaintiff's left shoulder. [ECF # 10-7, at 84]. Based on the physical examination, medical records, and a review of Plaintiff's history, Dr. Kolehma opined Plaintiff's pushing, pulling, and lifting with the left arm should be limited to eight pounds, and Plaintiff should avoid overhead activities. *Id.* Dr. Kolehma further opined Plaintiff should be limited to lifting fifteen pounds with his right shoulder. *Id.* Such limitations are not inconsistent with Dr. Kolehma's physical examination findings or the imaging studies referenced by the ALJ,

and the limitations would be consistent with sedentary work, not the medium work the ALJ found Plaintiff is able to perform. *Compare* 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time."), *with* 20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.").[4] Thus, this Court cannot conclude that the ALJ's decision to discount Dr. Kolemha's opinions in calculating Plaintiff's RFC is supported by substantial evidence.

When calculating Plaintiff's RFC, the ALJ also erred in discrediting Plaintiff's subjective complaints and the limitations set forth by Dr. Kolehma as inconsistent with Plaintiff's daily activities. ALJs may consider a claimant's daily activities in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3). However, an ALJ may not consider the type of activities a claimant can perform without also considering the extent to which [he] can perform them." *Arakas*, 983 F.3d at 99 (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)).

In this case, "[t]he ALJ selectively cited evidence concerning tasks [Plaintiff] was capable of performing" and improperly disregarded Plaintiff's qualifying statements that limited the extent to which he could perform daily activities. *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006). The ALJ noted Plaintiff performs household chores, cooks meals daily, cares for cats and dogs, does yard work, shops for necessitiess and bargains with his wife, and makes small projects out of wood and metal to sell. [ALJ Decision, ECF # 10-2, at 18]. The ALJ found such activities are "inconsistent with disability" and "are generally consistent with [Plaintiff's] assigned exertional

---

[4] This Court further notes that while the ALJ gave little weight to Dr. Kolehma's opinions related to weight restrictions and restrictions on repetitive motion and overhead activities, the ALJ relied on and specifically referenced Dr. Kolehma's findings related to Plaintiff's back and knees. [ALJ Decision, ECF # 10-2, at 18-19].

demands." *Id*. At 18-19.   However, the ALJ did not mention or address the qualifying statements Plaintiff made about those activities, even though the qualifying statements are found in the same records that the ALJ cited.

For example, in Plaintiff's function report from December 7, 2015, he indicated he was only able to do *light* housework and yard work *for a few hours most days*, and while he answered that he could do household chores indoor and outdoor, he qualified that answer with "for short periods" and noted "I may work 3 hours 3 or 4 days a week." [ECF # 10-6, at 41].  In a mobility questionnaire dated July 12, 2016, Plaintiff noted he is able to complete activities such as chores, cooking, bathing, dressing, shopping, and driving, but he qualified he is only able to complete such activities "for short periods during the day, some days.  I sit in the house & rest most of the day."  [ECF # 10-6, 49].  In his function report from July 15, 2016, Plaintiff indicated he goes shopping "every few days, sometimes 2 or 3 hours" and he "occasionally" builds small projects. [ECF # 10-6, at 55-56]. During the hearing before the ALJ, Plaintiff testified that he performs some activities such as yard work, taking the dogs to the dog park, cooking, and laundry, but when questioned by his attorney, Plaintiff clarified that he completes those activities "[j]ust occasionally.  Whenever I feel that I have some energy.  I spend actually most of my time in my recliner." [ECF # 10-2, at 103].   Because the ALJ selectively cited evidence and disregarded Plaintiff's qualifying statements, she failed to "build an accurate and logical bridge" from the evidence to her conclusion that Plaintiff's daily activities were inconsistent with his subjective complaints and the limitations opined by Dr. Kolehma. *Monroe*, 826 F.3d at 189.

Furthermore, the ALJ also failed to adequately explain how Plaintiff's limited ability to carry out daily activities supported her conclusion that Plaintiff could sustain an eight-hour workday.

10

"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at * 1. The ALJ stated in a conclusory manner that Plaintiff's reported activities "are generally consistent with his assigned exertional demands" [ECF #10-2, at 19], but the ALJ "provided no explanation as to how those particular activities . . . showed that he could persist through an eight-hour workday." *Arakas*, 983 F.3d at 100 (quoting *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 263 (4th Cir. 2017)); *see also id.* ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as [he] would be by an employer"(quoting *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012))). Thus, substantial evidence does not support the ALJ's conclusion that Plaintiff's activities were inconsistent with his subjective complaints but consistent with his RFC assessment.

Based on the foregoing, this Court cannot conclude the ALJ's RFC is supported by substantial evidence. Accordingly, this case should be remanded to the Commissioner for further proceedings.[5]

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, Defendant's reply to the objections, and applicable law. For the foregoing reasons, the Court hereby respectfully rejects the Magistrate Judge's Report

---

[5] Because this Court is remanding the case based on the ALJ's failure to properly assess Dr. Kolehma's opinion and the impact of Plaintiff's daily activities in determining the RFC, and those issues also bear on the assessment of the severity of Plaintiff's history of bilateral rotator cuff repair surgeries and left biceps tendon rupture, the severity of those impairments should be reconsidered on remand.

and Recommendation.  The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED**.

March 9, 2021                                          s/ R. Bryan Harwell
Florence, South Carolina                       R. Bryan Harwell
                                                              Chief United States District Judge